United States District Court
Southern District of Texas
**ENTERED**
March 08, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ACLU FOUNDATION OF TEXAS, INC., § § | |
| Plaintiff, § § | |
| V. § | CIVIL ACTION NO. H-20-0397 |
| § | |
| U.S. DEPARTMENT OF HOMELAND § SECURITY and U.S. IMMIGRATION & § CUSTOMS ENFORCEMENT, § § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION**

Pending in this Freedom of Information Act case that has been referred to the undersigned Magistrate Judge for all pretrial proceedings are the parties' Cross Motions for Summary Judgment (Document Nos. 18 & 19). Having considered the motions, the responses and additional briefing and evidence, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion for Summary Judgment (Document No. 18) be GRANTED and Plaintiff's Cross Motion for Summary Judgment (Document No. 19) be DENIED.

**I.      Background**

This case is based on a April 16, 2019, Freedom of Information Act ("FOIA") request made by Plaintiff ACLU Foundation of Texas, Inc. for "records related to a worksite enforcement operation conducted on April 3, 2019 by U.S. Immigration and Customs Enforcement ("ICE") and Homeland Security Investigations ("HSI") at CVE Technology Group, Inc. ("CVE") located at 915 Enterprise Blvd, Allen, Texas." (Document No. 1-2 at 2). The specific documents requested were :

1. Copies of all administrative warrants issued and served on an agent of CVE or its staffing agencies related to the enforcement operation;

2. Copies of all criminal warrants issued and served on an agent of CVE or its staffing agencies related to [the] enforcement operation;

3. If any records responsive or potentially responsive to this request have been destroyed, our request includes, but is not limited to, records relating or referring to the destruction of those records, including the events leading to the destruction of those records.

(Document No. 1-2 at 3). On May 23, 2019, ICE responded to that FOIA request by stating that the requested records were "withholdable" in their entirety under 5 U.S.C. § 552(b)(7)(A) as "records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings." (Document No. 1-4). ACLU filed a timely administrative appeal of that decision (Document No. 1-5), which was denied by letter dated July 22, 2019 (Document No. 1-6). In that denial letter, ICE determined that the 7(A) exemption was proper, "confirmed that as of July 16, 2019, the requested records continue[d] to relate to an open and ongoing law enforcement investigation," and stated that the disclosure of the records "prior to the completion of the investigation could reasonably be expected to interfere with law enforcement proceedings." That denial of ACLU's administrative appeal led to this action for declaratory and injunctive relief, in which ACLU seeks a Declaration that Defendants have "violated FOIA by unlawfully withholding the requested documents," an Order requiring Defendants to "immediately produce the requested records," and an Injunction disallowing "Defendants from charging ACLU search, review or duplication fees for processing the Request," along with an award of attorneys' fees and costs. The parties have filed Cross Motions for Summary Judgment, seeking a determination whether the withholding of the requested documents was lawful under FOIA.

**II.     Standard of Review**

FOIA cases, such as this, are generally decided on cross motions for summary judgment. *Cooper Cameron Corp. v. United States Dep't of Labor, Occupational Safety and Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002) ("[s]ummary judgment resolves most FOIA cases"); *DaSilva v. U.S. Citizenship & Immigration Services*, Civil Action No. 13–13, 2013 WL 4780267 *2 (E.D. La. Sept. 4, 2013). In that regard, while FED. R. CIV. P. 56 and the case law interpreting it is applicable in FOIA cases, it is the Government agency's burden to prove, in a summary judgment context, that a statutory FOIA exemption applies. It may meet this burden in District Court "through the submission of detailed affidavits that identify the documents at issue and explain why they fall under the claimed exemptions." *Martinez v. Equal Employment Opportunity Comm'n*, No. Civ.A.SA04CA0391XR, 2004 WL 2359895 *1 (W.D. Tex. Oct. 19, 2004). The affidavit(s) to be relied upon, however, cannot support summary judgment if they are conclusory, vague, generalized or too "sweeping." *Cooper Cameron*, 280 F.3d at 543 ("Courts generally will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions. The agency often makes this explanation in an affidavit, but the affidavit 'will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping.' "). In addition, regardless of the action taken by a Government agency at the agency level, or the stated bases therefore, a District Court's review of an agency's claimed FOIA exemption is *de novo*, 5 U.S.C. § 552(a)(4)(B), with there being "a strong presumption in favor of disclosure." *United States Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).

**III.     Discussion**

FOIA was enacted to "pierce the veil of administrative secrecy and open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (quoting the underlying Second Circuit opinion, 495 F.2d 261, 263). "[D]isclosure, not secrecy, is the dominant objective of [FOIA." Subject to certain statutory exemptions, which are both exclusive and are to be "narrowly drawn," *id.*, FOIA provides for the availability, upon request, of an agency's "public information." 5 U.S.C. § 552(a). "As the Act is structured, virtually every document generated by an agency is available to the public in one form or another, unless it falls within one of the Act's nine exemptions." *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975). But, it is only matters or portions of a record that fall within an exemption which can be properly withheld disclosure under § 552(b). "Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions that are exempt." *Id.*

Exemption 7, including all its subparts, protects documents and information that are "compiled for law enforcement purposes." It was generally designed to permit agencies to "keep certain records confidential, lest the agencies be hindered in their investigations or placed at a disadvantage when it came time to present their case." *National Labor Relations Board v. Robbins Tire & Rubber*, 437 U.S. 214, 224 (1978). Exemption 7(A) applies to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings". 5 U.S.C.A. § 552(b). As set forth above, the burden is on Defendants to establish that a FOIA exemption applies, and where it is exemption 7(A) that is at issue, the burden is met with proof that "'(1) the documents were investigatory records compiled for law enforcement purposes

4

and (2) production of the documents would interfere with pending enforcement proceedings.'" *Highland Capital Management, L.P. v. Internal Revenue Service*, 408 F.Supp.3d 789, 809 (N.D. Tex. 2019) (quoting *Pruitt Electric Co. v. United States Department of Labor*, 587 F.Supp. 893, 895 (N.D. Tex. 1984)).

The records at issue in this FOIA case are the two search warrants that were issued by a United States Magistrate Judge in the United States District Court for the Eastern District of Texas, Case Nos. 4:19MJ175 and 4:19MJ176. While Defendants focus heavily, and almost exclusively, on the search warrant *applications*, ACLU has made it clear in its briefing that it is not seeking the search warrant applications, but is *only* seeking the executed search warrants. Those search warrants (and the supporting applications) were, and remain, sealed in Case Nos. 4:19MJ175 and 4:19MJ176.

In support of their Motion for Summary Judgment and the claimed 7(A) exemption, Defendants have submitted: (1) a Declaration of Toni Fuentes, Deputy FOIA Officer of the U.S. Immigration and Customs Enforcement Freedom of Information Act Office (Document No. 18-1 at 2-12); and (2) a *Vaughn* Index, which describes in four pages the documents that are responsive to the FOIA request (the two search warrant applications), and the applicable exemption. (Document No. 18-1 at 42-47).[1] That evidence relates, almost entirely, to the search warrant applications – not the search warrants themselves. This may seem insignificant, but it is not. A search warrant is generally a *pro forma* order that describes the place to be searched and the items

---

[1] Both the Fuentes Declaration and the Vaughn Index contain evidence supporting the claimed 7(A) exemption, but they also contain evidence related to exemptions 7(C) and 7(E), which ACLU was advised at the administrative level could also be asserted "[o]nce all pending matters are concluded and FOIA exemption 7(A) is no longer applicable." (Document No. 18-1 at 39).

to be searched for. The search warrant does not detail the evidence supporting it, or any basis for a finding of probable cause for the issuance of the search warrant. All of that supporting information is contained the search warrant application, which is generally submitted to a judicial officer in affidavit form. That being the case, it was inquired of Defendant at a hearing held on January 15, 2021, whether there was any truly investigative information contained on, within, or attached to, the search warrant at issue in this case. Defendant was further advised at that hearing to make an effort to redact any information from the search warrant, or any attachment thereto, that would or could be viewed as falling within the 7(A) exemption. Finally, Defendant was instructed to provide the search warrant to the undersigned for an *in camera* review. The undersigned has now received a redacted and unredacted copy of the search warrants at issue.

Having reviewed the redacted and non-redacted versions of the search warrants at issue, the undersigned Magistrate Judge concludes that the information redacted from the search warrant attachments does fall within the 7(A) exemption, as claimed by Defendant, because it is arguably investigatory in nature and the disclosure of which could interfere with the ongoing enforcement proceedings. Moreover, as additionally delineated by Defendant in its Supplement Brief (Document No. 26), the redacted information includes personally identifiable information (which Plaintiff stated it was not seeking) as well as information compiled for law enforcement purposes. While Plaintiff argues in its Response to Defendant's Supplement (Document No. 27), that Defendant has now "abandoned" its reliance on the 7(A) exemption and pivoted to reliance on additional exemptions (Exemptions (b)(6), (b)(7)(C) and 7(E)[2]) without any evidence to support those additional

---

[2] Exemption (b)(6) is for " personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Exemption (b)(7), in its entirety, applies to

exemptions, the undersigned concludes that the *in camera* review supports the redactions based on the initially claimed 7(A) exemption. The redactions are also supported by the other exemptions identified by Defendant, which in some aspects overlap with exemption 7(A), and only provide more support for the conclusion that the information that has been redacted is exempt from disclosure.

**IV.     Conclusion and Recommendation**

Based on the foregoing and the conclusion that the summary judgment evidence substantiates and supports the withholding of the unredacted search warrants at issue under FOIA Exemption 7, the Magistrate Judge

RECOMMENDS that Defendants' Motion for Summary Judgment (Document No. 18) be GRANTED, and Plaintiff's Cross Motion for Summary Judgment (Document No. 19) be DENIED. The Magistrate Judge further RECOMMENDS that Defendant provide Plaintiff forthwith with a copy of the redacted search warrants, which were submitted to the undersigned in camera.

---

    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual."

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 8th day of March, 2021.

Frances H. Stacy
United States Magistrate Judge